## 26022. WRIGHT v. THE STATE.

MacINTYRE, J. The evidence in this case was that at about half past nine o'clock on the night of October 3, 1935, the sheriff and deputy sheriff of Taliaferro County stopped their automobile and waited for a "liquor car;" that a closed car with only one of the rear windows open, and with the defendant sitting on the back seat and two other persons sitting on the front seat, "dashed up" and ran into a ditch to keep from striking the officers' car; and that the officers turned their flashlights on said car and plainly saw the defendant, who was so drunk that he wanted to fight, throw out of the window a pint bottle from which one drink of liquor had apparently been taken. The defendant stated to the jury that he was not drunk, but excited, and that he did not have "a drop of liquor." The motion for new trial contained only the general grounds and did not raise the question that venue had not been proved. *Held*, that, under the Code, § 6-1609 (Ga. L. 1911, p. 149), this court can not consider the question of venue; and that the evidence supported the verdict. *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED APRIL 8, 1937.

*J. A. Mitchell*, for plaintiff in error.
*J. Cecil Davis, solicitor-general*, contra.

## 26057. ANDREWS v. THE STATE.

MacINTYRE, J. The evidence for the State warranted the jury in concluding that A. L. Andrews (the defendant) drove an automobile on the LaGrange and West Point public road while under the influence of intoxicating liquors, while the evidence for the defendant and his statement tended to show that the defendant's wife, and not the defendant, was driving the automobile. The evidence supported the verdict, and the court did not err in overruling the motion for new trial containing only the general grounds.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED APRIL 8, 1937.

*E. T. Moon*, for plaintiff in error.
*L. L. Meadors, solicitor*, contra.